UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL T. BONOME,

                    Plaintiff,

          v.

PATRICIA J. BONOME, et al.

                    Defendants.

Case No. 3:26-cv-05491-TMC

ORDER DISMISSING COMPLAINT
UNDER 28 U.S.C. § 1915(E)(2)(B)

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). On May 12, 2026, Plaintiff Michael T. Bonome filed a complaint against Defendants and moved for leave to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Mr. Bonome's complaint is nearly identical to his complaint in a separate case this Court dismissed in February 2026. *Compare* Dkt. 1-1 *with Bonome v. The Bonome Living Trust*, 3:25-cv-06117-TMC, Dkt. 4 (W.D. Wash. Jan. 27, 2026). Much like Mr. Bonome's previous complaint, the present complaint does not identify any basis for federal jurisdiction. This Court therefore DENIES Mr. Bonome's motion to proceed IFP and DISMISSES his complaint WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 1

## I.   LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010))).

## II.    REVIEW OF THE COMPLAINT

On May 12, 2025, Mr. Bonome filed a proposed complaint naming Patricia Bonome, Gail Bonome, and Dolores Bonome as defendants. Dkt. 1-1. Mr. Bonome's claims concern the estates of his father and grandfather and the Bonome Living Trust (the "Trust"), of which he alleges Defendant trustees conspired to deprive him. *Id*. at 4–13. Mr. Bonome alleges that he and his sister were beneficiaries to his father's will and to the Trust, to take when the oldest of the two turned 21. *Id*. at 9. Although Mr. Bonome turned 21 in 1999, the Defendants did not distribute any assets to Mr. Bonome or his sister. *Id*. at 7. Instead, Mr. Bonome learned in 2018 that his father had a will in Clackamas County "which had never been disclosed" to Mr. Bonome or his sister. *Id*.

Mr. Bonome has brought similar claims to this Court before. *The Bonome Living Trust*, 3:25-cv-06117-TMC. On January 27, 2026, the Court ordered Mr. Bonome to amend his complaint in that case or face dismissal:

> Mr. Bonome's complaint (Dkt. 4) does not identify a basis for the Court to have jurisdiction. For example, Mr. Bonome alleges that both he and one of the defendants—Patricia Bonome—reside in Washington, defeating diversity jurisdiction. Dkt. 4 at 4–5. "[A]s a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction is absent." *Armintrout v. Chicago Title Ins. Co.*, No. 2:22-CV-00627-LK, 2022 WL 17251331, at *2 (W.D. Wash. Nov. 28, 2022) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996)). Nor does Mr. Bonome allege a claim under federal law.

*Id*., 5 at 4. Mr. Bonome failed to amend the complaint, and the Court dismissed that case without prejudice on February 23, 2026. *Id*., Dkt. 6.

## III.    DISCUSSION

**A.    Mr. Bonome's complaint lacks a basis for jurisdiction and is duplicative of his previous case.**

Much like in Mr. Bonome's previous case against Defendants, no jurisdiction exists here.

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 3

District courts must establish that they have subject matter jurisdiction to hear a case. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments" and it has an obligation to establish subject matter jurisdiction "*sua sponte*, whether the parties raised the issue or not"). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For diversity jurisdiction, the plaintiff must allege that the parties are completely diverse (typically meaning the plaintiffs and defendants are citizens of different states) and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For federal question jurisdiction, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a federal claim." *Retail Prop. Tr. v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Mr. Bonome discusses these standards in his complaint, Dkt. 1-1 at 5, but still falls short of pleading jurisdiction. Again, Mr. Bonome alleges that both he and Defendant Patricia Bonome reside in Washington, defeating diversity jurisdiction. *Armintrout*, 2022 WL 17251331, at *2. And Mr. Bonome still exclusively alleges violations of Oregon statutes and no violations of federal law. *See* Dkt. 1-1 at 1–2. Mr. Bonome's statement that "Parties have declared an

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 4

American National standpoint in their defense and claims under common law" is unclear and insufficient to create jurisdiction. *Id*.

The present case is also duplicative of Mr. Bonome's previous case—which relied on the same facts, suffered the same jurisdictional deficiencies, and included two of the same defendants (Patricia and Gail Bonome).[1] *The Bonome Living Trust*, 3:25-cv-06117-TMC. An IFP complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995); *see Laws v. Arizona*, No. CV2201707PHXGMSCDB, 2022 WL 16640798, at *1 (D. Ariz. Oct. 20, 2022) ("An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against a new defendant, is subject to dismissal as duplicative and frivolous.") (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *Emrit v. Musk*, No. C25-0118-KKE, 2025 WL 1331827, at *1 (W.D. Wash. May 7, 2025) ("A complaint is frivolous or malicious if it duplicates other federal lawsuits.").

**B.      Mr. Bonome's complaint is dismissed without leave to amend.**

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). "Extending this opportunity would be futile here, however, because Plaintiff's complaint is duplicative and therefore 'inherently frivolous.'" *Emrit*, 2025 WL 1331827, at *1 (quoting *Emrit v. Musk*, No. CV-25-08-BLG-SPW-TJC, 2025 WL 1057060,

---

[1] Although the new case now lists Dolores Bonome (who passed away in 2020) as a defendant, Mr. Bonome's allegations against her largely exist in both versions of the complaint. *See, e.g.*, Dkt. 1-1 at 23 (alleging that Dolores Bonome created a false accounting of the estate of Mr. Bonome's father).

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 5

at *2 (D. Mont. Mar. 20, 2025), *report and recommendation adopted*, No. CV-25-08-BLG-SPW, 2025 WL 1042811 (D. Mont. Apr. 8, 2025)).

In Mr. Bonome's previous case, the Court offered him a chance to amend his claims with a basis for jurisdiction. *The Bonome Living Trust*, 3:25-cv-06117-TMC, Dkt. 5. He did not amend his complaint or respond to the Court's order, so the Court dismissed his claims. Dkt. 6. Over two months later, Mr. Bonome opened this case and filed a complaint nearly identical to the one the Court previously dismissed—still with no basis for jurisdiction. The court may dismiss this case both because it is duplicative, and thus frivolous or malicious, and because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). And "[h]ere, given the frivolous nature of Plaintiff's complaint, the Court finds amendment would be futile." *Crary v. State of Washington*, No. 3:25-CV-06082-DGE, 2025 WL 3708839, at *1 (W.D. Wash. Dec. 22, 2025).

## IV.   CONCLUSION

The Court DISMISSES Plaintiff's complaint (Dkt. 1-1) WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court.") (citation modified).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(E)(2)(B) - 6